43 F.3d 1465
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William H. BERKLEY, III, Petitioner Appellant,
v.
George TRENT, Warden, West Virginia Penitentiary, Respondent Appellee.
 No. 94-6723.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 6, 1994.
Decided Dec. 19, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CA-94-204-2).
 William H. Berkley, III, appellant Pro Se.
 Jacquelyn Irwin Custer, Darrell V. McGraw, Jr., Office of the Attorney General of West Virginia, Charleston, WV, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order denying his 28 U.S.C. Sec. 2254 (1988) petition. Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that this appeal is without merit. Accordingly, we grant appellant a certificate of probable cause to appeal and affirm substantially on the reasoning of the district court.* Berkley v. Trent, No. CA-94-204-2 (S.D.W. Va. June 15, 1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 *
 Although not clearly addressed by the district court, we reject appellant's contention, based on Henderson v. Morgan, 426 U.S. 637 (1976), that his plea to aggravated robbery was not voluntary because he was not on
 notice of the "use of violence on the person" element of that offense. While it appears possible from the record that Appellant never had the distinction between aggravated and nonaggravated robbery fully explained to him, the query does not end there. Unlike in Henderson, appellant subsequently entered an Alford-style plea to sexual assault-the conduct that aggravated the robbery. This concession that the Government possessed evidence upon which a jury could find appellant guilty of sexual assault beyond a reasonable doubt served as a sufficient substitute for a voluntary admission to the disputed element of aggravated robbery. See Henderson, 426 U.S. at 646. Accordingly, we hold that Appellant's plea to aggravated robbery was voluntary as a matter of law.